

TORKILDSON, KATZ,
 MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

J. GEORGE HETHERINGTON  2241-0
(JGH@torkildson.com)
JEFFREY S. HARRIS         2718-0
(JSH@torkildson.com)
RONALD I. HELLER          2721-0
(RHELLER@torkildson.com)
JOHN S. MACKEY            7006-0
(JSM@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI  96813-4187
Telephone:  (808) 523-6000
Facsimile:  (808) 523-6001
Attorneys for Defendants
McCabe Hamilton & Renny Co., LTD.

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 21 2008

at 2 o'clock and 08 min. P M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| McCABE HAMILTON & RENNY, CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>MATSON NAVIGATION COMPANY, INC., MATSON TERMINALS, INC., JOHN DOES 1-5 JANE DOES 1-5, DOE CORPORATIONS 1-5, DOE PARTNERSHIPS 1-5, DOE NON-PROFIT ORGANIZATIONS 1-5, and DOE GOVERNMENTAL AGENCIES 1-5,<br><br>Defendants. | CIVIL NO. CV08 00080 JMS BMK<br><br>COMPLAINT; DEMAND FOR JURY |

652219.V1

## COMPLAINT

Plaintiff, by it attorneys, for its complaint in this action, alleges as follows:

### Jurisdiction

1. This is an action for damages and injunctive relief for violations of Section 7 of the Clayton Act (15 U.S.C. § 18) and Section 2 of the Sherman Act (15 U.S.C. § 2), and for misappropriation of trade secrets, unfair competition, and conversion of confidential information. This court has jurisdiction under 28 USCA §1331 and 1337, 15 USCA §§ 15 and 26 and 28 U.S.C. §1367.

### Venue

2. Plaintiff is a corporation organized under the laws of Hawaii.

3. Defendant Matson Navigation Company, Inc. is a corporation organized under the laws of Hawaii with its principal place of business in Hawaii. The claims set forth below arise, defendant may be found, and defendant transacts business in Hawaii.

4. Defendant Matson Terminals, Inc. is a corporation organized under the laws of Hawaii with its principal place of business in Hawaii. The claims set forth below arise, defendant may be found, and defendant transacts business in Hawaii.

5. Venue is proper in this district under 28 USCA § 1391.

## Parties

6. Plaintiff provides stevedoring and related services to defendant and other water carriers who operate ships and terminals on Oahu.

7. Defendant Matson Terminals, Inc., a subsidiary of Matson Navigation, Inc., provides stevedoring and related services but not in direct competition with McCabe on Oahu.

8. Defendant Matson Navigation, Inc. is a monopoly water carrier who operates ships and terminals at the ports in Hawaii.

## Interstate Commerce Affected

9. Water carriage and the operation of ships and terminals, including that performed by defendant, and stevedoring and related services, including those provided by plaintiff, can and do provide an element of interstate transport of goods. The activities of plaintiff and defendant are in and affect interstate commerce.

10. Because of the nature of stevedoring and related services, the markets for those services are usually restricted to local geographic areas.

11. The stevedoring and related services markets that are the subject of this complaint are at the ports on Oahu. These markets are highly concentrated. Defendant's acquisition of plaintiff's longshoremen workforce will lead to further concentration of these markets.

## Wrongful Acts

12. Defendant Matson Terminals, Inc. is attempting to hire most of McCabe's longshore workforce.

13. If Defendant Matson Terminals is successful in hiring the number of employees it seeks, McCabe will be unable to continue its business operations.

14. McCabe may be unable to continue its operations if Matson Terminals, Inc. hires even a much lesser number of McCabe employees.

15. Over the course of the parties' long relationship, McCabe has provided confidential information and trade secrets that are property of McCabe.

16. Such information was provided in the context of providing Matson information necessary to justify to the regulatory body that oversees its rates the service fee it pays to McCabe.

17. Such information was provided in the context of negotiations in 2005 regarding a proposed purchase of McCabe by Defendants.

18. At all times, any confidential information or trade secrets communicated by McCabe to Matson were communicated under a clear understanding by Matson that they were to be used solely for the limited purpose for which they were provided.

19. Such information would be highly valuable to anyone intending to enter the stevedoring market on Oahu.

652219.V1

20. Matson has used this information for the purpose of entering the stevedoring market on Oahu by the means of soliciting McCabe employees.

## Counts I and II

21. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 20 above.

22. Because defendants will gain large market share in stevedoring and related services in Hawaii ports, and will maintain and strengthen its current monopoly of water carriage and the operation of ships and terminals in these markets, defendants attempted acquisition of plaintiff's longshoremen workforce may substantially lessen competition, or tend to create a monopoly, in the stevedoring services and water carriage markets in violation of Section 7 of the Clayton Act and Section 2 of the Sherman Act.

23. As a direct result of this antitrust violation, plaintiff would be damaged in its business and property.

## Count III

24. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 23 above.

25. Defendant's acquisition of plaintiff's longshoremen workforce and misappropriation of confidential information constitutes an unfair trade practice.

26. As a direct result of Defendants' actions, plaintiff would be damaged in its business and property.

## Count IV

27. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 26 above.

28. Defendants solicitation of Plaintiff's employees constitutes tortious interference with contractual relations.

29. As a direct result of Defendants' actions, plaintiff would be damaged in its business and property.

## Count V

30. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 29 above.

31. Defendants have misappropriated Plaintiff's trade secrets.

32. As a direct result of Defendants' actions, plaintiff would be damaged in its business and property.

## Count VI

33. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 32 above.

34. Defendants exercised dominion over McCabe's property to McCabe's detriment.

35. As a direct result of Defendants' actions, plaintiff would be damaged in its business and property.

## RELIEF REQUESTED

WHEREFORE, plaintiff respectfully requests that:

1. This court adjudge that defendant's acquisition of plaintiff's longshoring workforce in Hawaii ports (1) may substantially lessen competition in violation of section 7 of the Clayton Act, and constitutes an attempt to monopolize, and monopolization of, a line of commerce, in violation of Section 2 of the Sherman Act.

2. This court permanently enjoin defendant from directly or indirectly acquiring or attempting to acquire plaintiff's longshoring workforce or any stevedoring service interests.

3. Plaintiff recover threefold the damages sustained as a result of the antitrust violations alleged, together with costs and reasonable attorney fees.

4  A preliminary and permanent injunction prohibiting Defendants from using any of McCabe's confidential information and trade secrets for any purpose beyond that for which such information was provided.

5. An accounting by defendant and a judgment for the amount found to be due on such accounting in favor of plaintiff, for all profits realized by the

defendant, and for all damages and loss of profits determined to have been sustained by plaintiff by reason of the unlawful conduct of defendant.

6.  Damages in an amount to be proven and interest thereon.

7.  Exemplary damages against defendant, by reason of the willful and deliberate nature of defendants' actions, involving malicious injury or a reckless indifference to the interests of plaintiff.

8.  Reasonable costs and expenses, including attorneys' fees, incurred in connection with the prosecution of this action.

9.  Such other and further relief as may be deemed just and proper.

DATED: Honolulu, Hawaii, February 21, 2008.

>TORKILDSON, KATZ,
>MOORE & HETHERINGTON
>Attorneys at Law
>A Law Corporation
>
>_____
>J. GEORGE HETHERINGTON
>JEFFREY S. HARRIS
>RONALD I. HELLER
>JOHN S. MACKEY
>Attorneys for Plaintiff MCCABE,
>HAMILTON & RENNY CO., LTD.

652219.V1